```
          ✓ FILED        ___ RECEIVED
          ___ ENTERED    ___ SERVED ON
                 COUNSEL/PARTIES OF RECORD

              DEC 2 8 2006

          CLERK US DISTRICT COURT
            DISTRICT OF NEVADA
          BY: _____ DEPUTY
```

DANIEL G. BOGDEN
United States Attorney
BRIAN PUGH
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| Plaintiff, | ) CASE NO. 2:06-cr-00138-JCM-RJJ |
| vs | ) **PLEA MEMORANDUM** |
| MICHAEL SCOTT HAWK, | ) |
| Defendant. | ) |

The United States of America, by and through Daniel G. Bogden, United States Attorney, and Brian Pugh, Assistant United States Attorney, the defendant, MICHAEL SCOTT HAWK, and the defendant's attorneys, Michael W. Sanft, submit this plea memorandum.

### I. PLEA AGREEMENT

The United States and the defendant have reached the following plea agreement, which is not binding on the court:

**A.  The Plea**

The defendant will plead guilty to the indictment charging him with Presenting False, Fictitious and Fraudulent Claims to a Government Agency in violation of Title 18, United States Code, Section 287.

. . .

**B.  Additional Charges**

The United States will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.  Sentencing Guideline Calculations**

1. Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

2. The parties agree that the following calculations of the United States Sentencing Guidelines apply:

   a. The Base Offense Level is 6. (U.S.S.G. § 2B1.1(a)(2))

   b. The loss caused by defendant's crime is less than $5000, therefore there is no upward adjustment applied for the amount of the loss. (U.S.S.G. § 2B1.1(b)(1)(A));

   c. A 2-level downward adjustment for acceptance of responsibility (U.S.S.G. § 3E1.1) unless defendant (a) does not make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding the defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of his pretrial release.

3. Defendant's Criminal History Category will be determined by the court.

**D.  Other Sentencing Matters**

1. The United States will recommend that defendant be sentenced within the Guideline range unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.

2. The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

3. The stipulations in this agreement do not bind either the United States Probation Office or the Court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

### E. Fines and Special Assessment

1. Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2. Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

### F. Restitution

Defendant agrees to make full restitution in an amount to be determined by the Court, which defendant agrees shall include all relevant conduct as determined by the Court. In return for defendant agreeing to make restitution for relevant conduct, the United States agrees not to bring charges against defendant for the conduct giving rise to the relevant conduct. Defendant understands that any restitution imposed by the Court may not be discharged in whole or in part in any present or future bankruptcy proceeding.

### G. Waiver of Appeal

1. In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title

18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or higher than the sentencing guideline range determined by the court.

2. Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in paragraph I.C. are consistent with the facts of this case.

## H. Additional Promises, Agreements, and Conditions

1. In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event the defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2. The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and not will be entered into unless in writing and signed by all parties.

## I. Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant

including but not limited to proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

## II. PENALTY

1. The maximum penalty for violating Title 18, United States Code, Section 287 is not more than five (5) years imprisonment, a fine of not more than two hundred and fifty thousand dollars ($250,000), or both.

2. Defendant is subject to supervised release for a term of one year.

3. Defendant must pay a special assessment of one-hundred dollars ($100.00) for each count of conviction.

4. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless the defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III. ELEMENTS

The essential elements for the crime of identity theft, Title 18, United States Code, Section 287, are the following:

<u>First</u>, defendant, made and presented a claim to a department of the United States or an agency thereof; and

<u>Second</u>, defendant did so knowing that such claim was false, fictitious and fraudulent.

## IV. FACTS

1. Defendant is pleading guilty because the defendant is guilty of the charged offense.

2. Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

3. On or about November 18, 2005, in the State and Federal District of Nevada, the defendant made a claim to the Federal Emergency Management Agency, an agency of the United States, that he was a Louisiana resident who had been displaced by Hurricane Katrina and required

essential food and housing. The defendant made these claims knowing he had never lived in Louisiana and was not a victim of Hurricane Katrina.

4. Specifically, the defendant admits that his false claims allowed him to fraudulently obtain hotel rooms in Las Vegas, Nevada, including rooms at the Barcelona Hotel and Casino, Extended Stay Suites, and the Nevada Palace Hotel and Casino.

5. The defendant further admits that his false claims allowed him to fraudulently obtain $900 in cash for the purchase of food.

6. The defendant further admits that the total loss to the government caused by his false claims is $3,889.22.

## V. ACKNOWLEDGMENT

1. Defendant, acknowledges by his signature below that he has read this Memorandum of Plea Agreement, that he understands the terms and conditions, and the factual basis set forth herein, that he has discussed these matters with his attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2. Defendant acknowledges that he has been advised, and understands, that by entering a plea of guilty he is waiving, that is, giving up, certain rights guaranteed to him by law and by the Constitution of the United States. Specifically, the defendant is giving up:

    a. The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

    b. The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

    c. The right to remain silent at such trial, with such silence not to be used against defendant in any way;

    d. The right, should defendant so choose, to testify in his own behalf at such a trial;

    e. The right to compel witnesses to appear at such a trial, and to testify in

1 | defendant's behalf; and,

2 |   f. The right to have the assistance of an attorney at all stages of such
3 | proceedings.

4 |   3. Defendant, his attorney, and the attorney for the United States acknowledge that
5 | this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the
6 | parties, and that no other promise has been made or implied by either defendant, his attorney, or
7 | the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

12-13-06
DATED

BRIAN PUGH
Assistant United States Attorney

12/12/06
DATED

MICHAEL SCOTT HAWK
Defendant

12/12/06
DATED

MICHAEL W. SANFT
Counsel for Defendant

7

defendant's behalf; and,

    f.    The right to have the assistance of an attorney at all stages of such proceedings.

3. Defendant, his attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, his attorney, or the attorney for the United States.

DANIEL G. BOGDEN
United States Attorney

_____
DATED

_____
BRIAN PUGH
Assistant United States Attorney

12/12/06
DATED

_____
MICHAEL SCOTT HAWK
Defendant

12/12/06
DATED

_____
MICHAEL W. SANFT
Counsel for Defendant

7